[Crim. No. 2896. Second Appellate District, Division Two.—August 18, 1936.]

## THE PEOPLE, Respondent, v. WALTER DEUTSCH, Appellant.

Walter Deutsch, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—This is an appeal from an order of the superior court denying a petition for a writ of error *coram nobis*. The defendant was charged with sixty-one counts of felony together with a prior conviction of a felony. After his trial had continued for a full week and when the People's case against him was about closed, he asked permission to change his plea of not guilty to guilty on five of the counts. After considerable hesitation both on the part of the court and the district attorney, his request was granted. He thereupon pleaded guilty to five counts and at the same time secured a dismissal of the remaining counts. Approximately eight and one-half months later, defendant filed in the trial court his petition for the writ above referred to in which he sought the setting aside of his pleas of guilty and for permission to plead not guilty upon the alleged ground that "the pleas of guilty were not free and voluntary but were secured from him through duress and threats".

Under the authority of *People* v. *Aseltine*, 139 Cal. App. 768 [34 Pac. (2d) 830] (hearing denied by the Supreme Court), the order of the trial court must be affirmed. The exceptional remedy of a writ of error *coram nobis* applies only upon a strong and convincing showing of the deprivation of legal rights by extrinsic causes. (*People* v. *Schwarz*, 201 Cal. 309 [257 Pac. 71].) What defendant calls in his brief "duress and threats" turns out to be advice from his own counsel to plead guilty. Furthermore, essential parts of the affidavits upon which the defendant relies for the writ were denied in detail in affidavits filed by the People, and this court on appeal may not weigh evidence. There is nothing in this case which upon appeal would permit a reversal of the order.

The order is affirmed.

Wood, J., and Gould, J., *pro tem.*, concurred.