[Crim. No. 2190.   First Dist., Div. Two.   Sept. 3, 1941.]

THE  PEOPLE,  Respondent,  v.  RALPH  CORSALINI, Appellant.

Raine Ewell for Appellant.

Earl Warren, Attorney General, and David K. Lener and Dennis Hession, Deputies Attorney General, for Respondent.

DOOLING, J., *pro tem.*—██ The defendant was convicted of grand theft. The witness Tollner was a German sailor from the S. S. Columbus at that time interned at Angel Island. He testified that on the morning of October 13, 1940, at about 4 a. m., he was on a street in San Francisco and inquired of a man standing by an automobile how to get to the Three Musketeers. The man directed him and then started to talk to him about wrestling and began to wrestle with him with one hand between his legs. The man then ran to the car, in which another man was seated, and the car drove away. Tollner found that a black wallet, which he had placed in his left hand hip pocket fifteen to thirty minutes before, after paying for a cup of coffee, was missing. The wallet had contained $10. Tollner went into a hotel in front of which these events had occurred and a man in the hotel called the police. Tollner could not identify the defendant as the man who had wrestled with him.

The witness Meldow testified that in the early morning of October 13, 1940, he was standing in the lobby of the Willard Hotel at 161 Ellis Street in San Francisco looking into the street through a plate glass window. He saw the defendant and Tollner in front of the hotel about twenty feet from him. The defendant was patting Tollner on the hips. Then he heard a remark: "I bet I can guess your weight" and the defendant "picked up the German fellow and grabbed him under the legs, and lifted him up, and as his hand slid down, I saw what was apparently a pocket book come out in his hand." The defendant then walked to the car and drove away. This witness took the license number of the car, a New York license, and the hotel clerk notified the police.

A police officer testified that he located the car about 10 a. m. the same day by the number given the department and through that found and arrested the defendant.

The defendant admitted talking to Tollner in the early morning of October 13 in front of the Willard Hotel, admitted putting an arm around him, admitted leaving in the car, but denied that he wrestled with him or took his wallet.

Appellant claims that these facts are not sufficient to prove his guilt beyond a reasonable doubt. It is true that Tollner could not identify the defendant but the identification by Meldow was positive and we are satisfied that the facts recited amply support the judgment of conviction.

■ Appellant makes some contention that he is entitled to a jury trial because his counsel did not join with him in waiving trial by jury. The minutes recite: "Thereupon the Defendant waived trial by Jury." Defendant himself testified on the hearing of his petition for a writ of error *coram nobis*, hereinafter considered: "Mr. Lipman (appellant's attorney) asked that we waive a jury and Mr. Garry (the prosecuting attorney) said, 'Well let the defendant answer that.'

"The court: But you did then answer, did you?

"A. I did."

From this it seems clear that appellant's attorney joined in the waiver.

■ After an application for probation had been denied and defendant had been sentenced, defendant through his present attorney moved to set aside the judgment and sentence and filed a petition for a writ of error *coram nobis* on the ground

that he had been deprived of a jury trial through the false representation of his attorney to him that it would be necessary to waive trial by jury to secure a continuance.

Defendant took the stand and testified in support of his motion and petition. His testimony was flatly contradicted by Mr. Lipman, his former attorney, who testified that at no time did he tell defendant that if he wanted a continuance he would have to waive a jury. The court denied the motion and petition and from these orders defendant has also appealed.

The court was entitled to resolve the conflict between appellant and his former attorney against appellant. (*People v. Deutsch,* 16 Cal. App. (2d) 121 [60 Pac. (2d) 155].) ▮ No objection was made to the testimony of Mr. Lipman and the privilege, if any existed after appellant had testified to his version of his conversations with his attorney, was waived. (27 Cal. Jur. 55.)

▮ The court admitted into evidence on the hearing of the petition the report of the probation officer over objection that it was hearsay. We may assume that this objection was sound, but the report did not in any way deal with the sole question then in issue, i. e., did appellant's attorney induce him to waive a jury trial by a false representation? The error, if any, could not have been prejudicial.

The judgment and orders appealed from are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 2, 1941.