[Crim. No. 4428.   Second Dist., Div. Three.   July 29, 1950.]

THE PEOPLE, Respondent, v. ERIC H. KIRK, Appellant.

Sam Houston Allen for Appellant.

Fred N. Howser, Attorney General, and Donald D. Stoker, Deputy Attorney General, for Respondent.

On October 21, 1948, defendant was charged by an indictment returned by the Grand Jury of Los Angeles County with five counts of abortion. Defendant at the outset pleaded not guilty to all counts but his plea was changed to that of guilty as to Count III on the second day of trial. On May 5, 1949, defendant was sentenced to a term of imprisonment in San Quentin and Counts I, II, IV and V were dismissed. On August 22, 1949, defendant, through his present attorney, Sam Houston Allen, served and filed his motion for an order to set aside the plea and judgment and sentence imposed thereon. The motion was supported by affidavits of defendant, his wife, and his attorney, Mr. Allen. The motion was based in brief on the theory that defendant had not had a fair trial in that he had been induced to plead guilty because of representations made to him by his *then* attorney, Buron Fitts, that the court, Judge Fricke, had agreed to grant him "straight probation" if he would change his plea from that of not guilty, and that if he did not change his plea he would be accused of having attempted to bribe certain police officers.

Defendant's motion came on for hearing before Judge Fricke on September 19, 1949, at which time the affidavits in support thereof were uncontradicted. In the course of the hearing the motion was denied by the court on the grounds that the affidavits were wholly insufficient, that he did not

believe the affidavits, that they were inherently improbable, absolutely ridiculous and "so terrifically apart from the actual facts as they are known to me and as they are known to Mr. Fitts . . . that he never would have made that kind of statement." Before the hearing was concluded, on motion of the People, and over the objection of defendant, the ruling on defendant's motion was set aside to allow both parties to introduce testimony and further affidavits. At this time defendant's attorney requested orally that the court disqualify himself on the ground of bias and prejudice, but the court refused to do so. At the conclusion of the hearing the court again denied defendant's motion on the ground there was no evidence to corroborate his statements; that the facts were not as he had set them forth, and that defendant had not brought himself within the rule of *People* v. *Gilbert*, 25 Cal.2d 422 [154 P.2d 657]. The trial judge further found that there was no evidence tending in the slightest degree to indicate that he had had anything whatsoever to do with the change of plea by defendant.

On this appeal, defendant maintains: (1) That the motion and affidavits were sufficient, as a matter of law, to require the court to grant the motion. He contends that the court was bound by the uncontroverted averments contained in the affidavits; (2) that the trial court was disqualified because of bias and prejudice against him and that the proceeding subsequent to the first denial of defendant's motion constituted only a "semblance of a 'hearing' because the Court had previously found appellant's motion insufficient in point of law and the affidavits in support thereof untrue"; (3) that defendant's contention that he was intimidated by the threats of Police Officers Stoker and Davis and the fear of prosecution for attempted bribery was established by both affidavits and oral testimony, and that this evidence was neither contradicted nor impeached, but was corroborated, in part, by the evidence adduced by the People.

Defendant, in his affidavit, makes the following statements: That he was indicted and found guilty of the crime of abortion; that he had entered a plea of not guilty to the indictment and each of the five counts thereof; that he was arrested on or about the 24th of September, 1948, and that on the day of his arrest he was released on bail. Several days thereafter, according to defendant, Audre Davis and Charles Stoker, (officers of the Los Angeles Police Department) called upon

him and told him that if he would pay them the sum of $2,500 in cash no proceedings would be taken against him in connection with his previous arrest. At this time Stoker is alleged to have informed defendant that unless he did pay that sum they (Stoker and Davis) would "see that you spend 20 years in prison," and placed defendant under arrest and held him in his office for approximately three hours. During this time Stoker called a certain police officer on the telephone, told the officer that he had acted too hastily, and asked if the sum of $2,500 would "quash the charges then pending against defendant." After this conversation Stoker informed defendant in the presence of his wife, and Officer Davis, that "it was all arranged for the charges to be dismissed if the defendant would pay the sum of $2,500." After this, defendant was released from the custody of the two officers and told that he had better get the money by the first of the next week or they would put together a case that would keep him in jail for 20 years. Defendant alleges that he received several calls from Audre Davis inquiring as to whether he had been able to obtain the funds. Defendant averred that he had "wire recordings" to substantiate this conversation. (No such recordings were ever produced.)

Defendant states that he retained an attorney, Buron H. Fitts, to represent him in the trial and arranged to pay him the sum of $2,000 for his services; and that he at all times informed Mr. Fitts that he was not guilty of the charges against him. Defendant's affidavit contains statements to the effect that his attorney, Buron Fitts, made certain representations to him concerning the advisability of withdrawing his plea of not guilty and entering a plea of guilty to one of the charges against him. Mr. Fitts is alleged to have told defendant that he, Fitts, was well acquainted with certain judges, and with Judge Fricke in particular. That he, Fitts, had been in the district attorney's office with Judge Fricke; that while he was Lieutenant Governor he had been largely responsible for Judge Fricke's appointment to the bench; that he had talked with Judge Fricke and the district attorney prosecuting the case and that it had been agreed between them that if defendant would plead guilty to one count the others would be dismissed, and he would be given straight probation. Fitts is also alleged to have told defendant that the court had given permission to the district attorney to bring the bribery charges into the case if defendant did not change his plea.

Defendant stated that at the time the jury was impaneled, and in the presence of the prospective jurors, the attorney for his codefendant Tully, informed the court that his client desired to withdraw his plea of not guilty and enter a plea of guilty and that, at that time, defendant said, in substance, to Fitts: "Surely you are not going to stand for this jury to be picked from this venire who heard my codefendant offer to plead guilty, are you" and that Fitts answered that he knew what he was doing and if defendant would take his advice he would get him straight probation.

Marion Kirk, wife of defendant, filed an affidavit in which she stated that she had heard the conversation between her husband and the two police officers, and the conversation between her husband and Mr. Fitts as related in his affidavit. She corroborated her husband's statements that Fitts had said he had an agreement with the court whereby defendant was to be given straight probation.

Fitts, in his affidavit, denied, generally, all the material charges made by the defendant, and alleged that defendant changed his plea because of the overwhelming and damaging testimony of the witnesses who testified against him. He deposed, however, that an agreement had been reached between the district attorney, Judge Fricke and himself that a plea of guilty to only one count would be accepted and that he so informed defendant.

Defendant maintains that the statements made in his affidavit are corroborated by the following circumstances: That his case had been transferred to the court of Judge Fricke; that the court permitted the jury to be selected from the venire which had heard his codefendant plead guilty; by the presence in court of Officers Stoker and Davis; by the conversations in the judge's chambers at the time and under the circumstances set forth; by the district attorney indicating, after the conversation in chambers, that he would accept a plea of guilty to one count only by Tully which he had previously refused to do; by the fact that the district attorney insisted that defendant plead guilty before he would take the plea of Tully. Because of the foregoing circumstances, defendant believed that the trial judge "had promised and agreed to grant . . . (him) . . . probation and that if the defendant did not enter a plea of guilty he would be prosecuted upon the additional charge of bribery," and that as a result of such hope and intimidation his free will had been overreached and he had been deprived of his right to defend on the merits.

■ Defendant's motion to set aside the plea of guilty and the judgment entered pursuant thereto·is in the nature of an application for a writ of error *coram nobis*. (*People* v. *Gilbert*, 25 Cal.2d 422 [154 P.2d 657] ; *People* v. *Odlum*, 91 Cal. App.2d 761 [205 P.2d 1106].) Under the well established rules governing the issuance of such writ it is incumbent upon the defendant to establish by a preponderance of substantial and credible evidence that the error of which he complains was such that he was deprived of legal rights by extrinsic causes amounting to a deprivation of a trial on the merits. (*People* v. *Lewis*, 64 Cal.App.2d 564 [149 P.2d 27] ; *People* v. *Scharz*, 201 Cal. 309 [257 P. 71] ; *People* v. *Deutsch*, 16 Cal.App.2d 121 [60 P.2d 155].) ■ And the order denying the relief sought is appealable as an order made after judgment. (*People* v. *Martinez*, 88 Cal.App.2d 767 [199 P.2d 375].)

■ Defendant's first contention on this appeal is that the trial court was required, as a matter of law, to grant the first motion for relief because the affidavits in support thereof were uncontradicted. This contention cannot be sustained. A trial judge is not required to accept as true the sworn testimony of a witness, even in the absence of evidence contradicting it, and this rule applies to an affidavit. Further, the trial court as trier of the fact, is the judge of the credibility of the witness whether he testify in person or by affidavit. (*Lohman* v. *Lohman*, 29 Cal.2d 144 [173 P.2d 657] ; *Berg* v. *Journeymen's Plumbers & Gas Fitters Union*, 5 Cal.App.2d 582 [42 P.2d 1091].) ■ The first denial of defendant's motion was set aside because the court had inadvertently overlooked the fact that the motion itself stated that the affidavits of defendant and his wife would be supported by oral testimony. After this denial had been vacated, both sides offered testimony and additional affidavits in support of their respective positions. Defendant is in no position to complain that the court set aside the denial so that the motion might be given a full hearing on the merits.

Section 170 of the Code of Civil Procedure provides that ''No justice, judge or justice of the peace shall sit or act as such in any action or proceeding. . . . (5) When it is made to appear probable that by reason of bias or prejudice of such justice, judge, or justice of the peace a fair and impartial trial cannot be had before him.'' The section also provides that a verified written statement may be presented to the court and filed with the clerk setting forth the facts constituting the

ground of the alleged disqualification of such judge. This statement must be presented at the earliest practicable opportunity after discovery of the facts constituting the disqualification. ▮ In the instant action defendant did not present and file such a written statement—his objection to the qualification of the court was made orally at the hearing. Inasmuch as defendant failed to follow the procedure provided for in the section (Code Civ. Proc., § 170 (5)), Judge Fricke was not legally required to disqualify himself or allow the question of his alleged disqualification to be passed upon by some other judge agreed on by the parties. (Code Civ. Proc., § 170(5).)

It is our opinion that defendant has failed to bring himself within the rule laid down in *People* v. *Gilbert,* cited *supra.* ▮ A writ of error *coram nobis* will not issue to vacate a judgment of conviction entered on a plea of guilty on the sole ground of alleged misrepresentation or bad advice of counsel. "Mere advice and persuasion or the expression of matters of opinion by his own attorney will not suffice to vitiate the plea. Neither will unwarranted or even wilfully false statements of factual matters by his attorney suffice. The private attorney is selected by the party and is his agent. But if the representation of the private attorney presents a purported commitment by a responsible state officer which if actually made would vitiate the plea and if the acts or statements of such state officer, although innocently done or made, apparently corroborate the representation, are in good faith and without negligence relied upon by the defendant, and in truth operate to prevent the exercise of his free will and judgment, then the state in its solicitude for fairness will not accept the benefit of a plea so given." (*People* v. *Gilbert,* 25 Cal.2d 422, 443 [154 P.2d 657].) It is unnecessary to discuss the circumstances of the actions of the judge and the district attorney upon which defendant relies for apparent corroboration of the alleged representations of his attorney. The record shows that every statement made by defendant with reference to the events leading up to his change of plea was flatly contradicted by counteraffidavit and testimony at the hearing. This court is not in a position to substitute itself for the trier of the fact and is without power to weigh the evidence, and we are unable to say, as a matter of law, that defendant has established that there were acts or statements of such state officer which "although innocently done or made, apparently corroborate

the representation[s]'' allegedly made by defendant's attorney, Mr. Fitts. (See *People* v. *Gilbert, supra,* at p. 443.)

■ Defendant's third contention that his change of plea was brought about through intimidation and fear that he would be prosecuted on a bribery charge brought about through the alleged attempted extortion on the part of Officers Davis and Stoker is equally without merit. Defendant failed to introduce in evidence the wire recordings of the alleged conversation in support of the allegations contained in his affidavit; neither of the two officers was called as a witness; and there is nothing in the record to substantiate his statement that evidence adduced by the People corroborated his allegations in this respect. ■ It appears to us that the matter of the alleged intimidation on the part of Mr. Fitts (supposedly stemming from the Davis-Stoker conversation) falls within the well established rule that the resolution of conflicting evidence in the form of affidavits or otherwise is for the trier of the fact and that his determination will not be disturbed on appeal when there is substantial evidence in support thereof. (*People* v. *Odlum, supra.*) We cannot say that the evidence established, as a matter of law, that defendant's change of plea was brought about because of duress on the part of his attorney, Buron Fitts. (*People* v. *Corsalini,* 46 Cal.App.2d 704, 707 [116 P.2d 784]; *People* v. *Deutsch,* 16 Cal.App.2d 121 [60 P.2d 155].) We find no support in the record for the statement made by defendant that the court and district attorney had agreed to permit the bribery charge to be brought into the case if defendant did not plead guilty.

The order appealed from must be affirmed and it is so ordered.

Wood (Parker), J., and Vallée, J., concurred.