[Crim. No. 4596.   Second Dist., Div. Three.   May 15, 1951.]

THE PEOPLE, Respondent, v. ELLEN THERESA CURTIS, Appellant.

Eugene V. McPherson for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

BARTLETT, J. pro tem.—This is an appeal by the defendant from an order denying her motion to set aside her plea of guilty made in the action and the judgment rendered and entered as a result thereof:

By an information filed by the District Attorney of Los Angeles County on June 7, 1950, the defendant was charged with three counts of forgery and also with a prior conviction of a felony. On July 16, 1950, she appeared in court with her attorney, P. E. Durkee, and entered a plea of not guilty to each of the counts of the information and denied the prior conviction alleged in the information. Three days later she appeared in court with the same counsel, Deputy District Attorney Galliano being present, and by leave of court withdrew her plea of not guilty to count I of the information,

entered a plea of guilty thereto and again denied the prior conviction. The defendant then waived time for sentence and her request for leave to file an application for probation was granted. The hearing of this application, the pronouncement of judgment and sentence as to count I and the disposition as to counts II and III were set for August 11, 1950. On that date she appeared with her attorney, Deputy District Attorney Crail being present, and the matters were continued to August 25, 1950. She appeared on that date again with Mr. Durkee representing her and Deputy District Attorney Crail again represented the People. The court found that the prior conviction, as alleged in the information, was true, denied the application for probation and pronounced judgment and sentence as to count I of the information. Following that the court dismissed counts II and III of the information. Thereafter the defendant appeared without counsel on a motion to modify sentence. The hearing on this motion was continued to September 11, 1950, when she again appeared without counsel, Deputy District Attorney Galliano representing the People. The motion to modify the sentence was denied. Immediately thereafter David Silverton was substituted as her counsel in place of Mr. Durkee. Mr. Silverton then orally made the following motion: ''Comes now the defendant, Ellen Curtis, and herewith requests the Court to set aside the sentence heretofore imposed and withdraw her plea of guilty heretofore entered for the purpose of entering a new and different plea, and in support of that motion the defendant asks leave of Court to take the witness stand in order to tell of the proceedings which occurred prior to her pleading guilty for the purpose of enabling the Court to pass upon the motion. The defendant has advised me that she is not in truth and in fact guilty, and that she only pleaded guilty because she was required to do so.'' The defendant then took the witness stand and testified in her own behalf. No other testimony was taken. At the close of the hearing the motion was denied.

██ The motion made by the defendant in the trial court was in the nature of a proceeding for a writ of error *coram nobis* and the order denying it is appealable as an order made after judgment. (*People* v. *Kirk*, 98 Cal.App.2d 687, 692 [220 P.2d 976].) Defendant bases her contention that the order denying her motion should be reversed on the authority of the decision of the court in *People* v. *Odlum*, 91 Cal.App.2d 761 [205 P.2d 1106]. At pages 770 and 771 of that opinion the court set forth a quotation from *People* v. *Gilbert*, 25 Cal.

2d 422 [154 P.2d 657], a portion of which is set forth in defendant's brief as follows: " 'The state will not, through its courts, pronounce judgment on a plea which has been procured by fraud or duress or by any force which operates to preclude the exercise of free will and judgment by the party. . . . If facts existed which would vitiate the pleas, and which, without any fault or negligence of the defendants, were not presented to the court, then the defendants are entitled to have their pleas and the judgments vacated. . . . The record discloses evidence tending to show that the free will and judgment of one or both defendants were overreached by unjustified representations of their counsel seemingly corroborated by acts and statements of the court and deputy district attorney. . . .' " Defendant argues that the facts of this case are similar in character to those in *People* v. *Odlum, supra,* 91 Cal.App.2d 761, and bring her within the rule stated in the quoted language.

The only witness who testified at the hearing was the defendant. She testified that, in her opinion, she was innocent of the charge to which she had pleaded guilty. As to any representations made to her which caused her to so plead, her whole testimony on that question was as follows: "Q. Will you please tell the Court why you pleaded guilty to an offense when you were of the opinion that you were not guilty? A. Because I plead not guilty when I came into Court, and my lawyer took me aside and talked to me, and he even come to my home and had me come into his office several times and he said that he had gone to see Galliano, the District Attorney, and I didn't even know who he was by sight, or otherwise, and he says that he said that if I would plead guilty to one count that he would dismiss the other count and that I would get no more than ninety days in the County Jail, if any time at all, even with my past record." The distinctions between the case of *People* v. *Odlum, supra,* 91 Cal.App.2d 761, and this one are many. In that case the motion was not heard or decided on its merits, the trial judge saying he had ". . . no jurisdiction whatsoever in the matter." That was the basis for the court's reversal of the order denying the motion. The court said (p. 772): "It is for the superior court, after a hearing on the merits, to determine whether the judgment and plea of guilty should be vacated." In this case the court accepted jurisdiction, heard the matter on the merits and, after that hearing, decided adversely to the defendant. Also, in *People* v. *Odlum, supra,* 91 Cal.App.2d 761, the defendant was

corroborated not only by a lengthy, detailed affidavit of another witness but also as was the case in *People* v. *Gilbert, supra,* 25 Cal.2d 422, by acts and statements of the court and the deputy district attorney. In the case before us there was no corroboration of the defendant's testimony or of any purported deal between her attorney and the deputy district attorney from any source. The acts and conduct of the court and district attorney far from indicating that any such agreement as that mentioned in defendant's testimony existed, suggested that there had been no such agreement. In the Odlum case the defendant had admitted the prior conviction charged in the information and in spite of this fact the court permitted him to file an application for probation. In the case before us the defendant had at all times throughout the proceedings including the very day on which she was sentenced, denied the prior conviction charged. Counts II and III were not dismissed at the time she changed her plea as to count I but were continued for disposition at a later time and, in fact, were not dismissed until after the court had found the fact of the prior conviction and judgment and sentence had been pronounced on count I. At the time of the denial of her application for probation and the pronouncing of judgment and sentence, while her attorney Mr. Durkee was present, Deputy District Attorney Galliano, whose name is mentioned in her testimony, was not present. Mr. Crail represented the People on that occasion.

It is true that the only testimony given at the hearing was that of the defendant as set forth herein. ▮ The court, however, was not required to accept the defendant's uncorroborated statement as true. The decision in *People* v. *Kirk, supra,* 98 Cal.App.2d 687, 692, was on an appeal from a motion such as we have here. The court said (p. 692) : ''Defendant's first contention on this appeal is that the trial court was required, as a matter of law, to grant the first motion for relief because the affidavits in support thereof were uncontradicted. This contention cannot be sustained. A trial judge is not required to accept as true the sworn testimony of a witness, even in the absence of evidence contradicting it, and this rule applies to an affidavit. Further, the trial court as trier of the fact, is the judge of the credibility of the witness whether he testify in person or by affidavit. (*Lohman* v. *Lohman,* 29 Cal. 2d 144 [173 P.2d 657] ; *Berg* v. *Journeymen's Plumbers & Gas Fitters Union,* 5 Cal.App.2d 582 [42 P.2d 1091].)''

The judgment and order appealed from are affirmed; the attempted appeals from other orders are dismissed.

Shinn, P. J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 14, 1951.