[Crim. No. 4577.   Second Dist., Div. One.   July 16, 1951.]

THE PEOPLE, Respondent, v. STEPHEN J. DEVORA, Appellant.

Stephen J. Devora, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

DRAPEAU, J..— By two informations containing three counts each—numbered 132860 and 133307, filed April 10 and April 27, 1950, respectively, defendant was charged with issuing checks without sufficient funds, and with a prior conviction of the same crime.

On April 19 and May 1, 1950, defendant entered pleas of not guilty of the crimes so charged. Trial was set for May 22d. On that date, defendant withdrew his pleas of not guilty and entered pleas of "guilty as charged in Count 1 of the information" No. 132860; "guilty as charged in Count 2 of the information" No. 133307, and admitted the prior conviction.

On July 5th, defendant's application for probation was denied, and he was sentenced to state's prison, the sentences on the two counts to run concurrently. The remaining counts of both informations were dismissed.

On August 21, 1950, defendant filed notice of motion to set aside the judgment, sentences and pleas of guilty, on the ground that such pleas were induced "through representations made to him by his counsel concerning an understanding which the said counsel had with the deputy district attorney."

The motion was denied and this appeal followed.

Appellant claims in substance that the court erred in its

denial of his motion for the reason that his pleas of guilty were obtained upon representations made by his own attorney that if he so pleaded he would receive only a county jail sentence.

The instant motion to set aside the pleas and the judgment entered pursuant thereto is in the nature of an application for a writ of error *coram nobis*. (*People* v. *Kirk*, 98 Cal.App.2d 687, 692 [220 P.2d 976], citing *People* v. *Gilbert*, 25 Cal.2d 422 [154 P.2d 657], and *People* v. *Odlum*, 91 Cal.App.2d 761 [205 P.2d 1106].)

"Under the well established rules governing the issuance of such writ it is incumbent upon the defendant to establish by a preponderance of substantial and credible evidence that the error of which he complains was such that he was deprived of legal rights by extrinsic causes amounting to a deprivation of a trial on the merits. (*People* v. *Lewis*, 64 Cal.App.2d 564 [149 P.2d 27]; *People* v. *Scharz*, 201 Cal. 309 [257 P. 71]; *People* v. *Deutsch*, 16 Cal.App.2d 121 [60 P.2d 155].)" *People* v. *Kirk, supra* (98 Cal.App.2d 687, 692).

On May 22, 1950, when appellant withdrew his plea of not guilty and entered his plea of guilty, the following took place:

"The Court: Stephen J. Devora, you are charged in information No. 132860 with the crime of issuing checks without sufficient funds on the 17th day of December, 1949, and in Information No. 133307 with the crime of issuing checks without sufficient funds, in Count 2, committed on the 22nd day of December, 1949. Is it your wish to withdraw your plea of not guilty and enter a plea of guilty to each of these offenses?

"The Defendant: Yes, your Honor.

"The Court: You have not been promised any reward or immunity of any kind, have you?

"A. No, sir.

"The Court: It is your wish to plead guilty because you are guilty of the offense as charged in Count 1 of Information No. 132860 and Count 2 of Information No. 133307?

"The Defendant: Yes, sir.

"The Court: Re-arraign the defendant."

At that time appellant was represented by Mr. Al Matthews, who was associated with Mr. F. Murray Keslar. The People were represented by Deputy District Attorney Carr.

When appellant was about to be sentenced, he was asked if there was any cause why judgment should not be pronounced in both cases. Mr. Matthews made the following statement on behalf of appellant:

"Now, I feel that the Court will probably imprison the

defendant for a substantial length of time but I wonder, your Honor, if society is benefited any more by sending the defendant to a state prison than it would be by consecutive sentences in the County Jail? . . . A two-year period, your Honor, in this case considering all the circumstances would be ample punishment.''

The affidavit of appellant made in support of the instant motion avers that on May 22, 1950, in the prisoner's anteroom of Department 44 of the superior court, he had a consultation with his attorneys Keslar and Matthews; that he advised said counsel that he desired a jury trial believing that he had a valid defense to all charges; that he believed he was not eligible for probation. It was also averred that Mr. Keslar advised appellant that he had a conversation with Deputy District Attorney Myers, who had stated that he would not object to a jail sentence; that Mr. Keslar advised appellant to plead guilty to one count in each case and make application for probation; that Mr. Keslar represented to appellant that he would receive a straight county jail sentence and in no event would he be sentenced to state's prison since the deputy district attorney did not oppose a county jail sentence; that the attorneys then left and upon their return a short time later, Mr. Keslar told him that he had again talked to Mr. Myers; that everything was arranged for a county jail sentence and for appellant to go ahead and enter a plea of guilty to one count in each information. Appellant then averred that he entered his pleas of guilty relying upon such representations; that when he pleaded guilty he believed he had a valid defense and ''that but for the representations of said F. Murray Keslar, affiant would have continued to insist upon a jury trial.'' That the court by permitting affiant to apply for probation, when affiant believed he was not eligible therefor, together with the fact that Mr. Myers stood mute and made no objection to such application, ''seemingly corroborated the representations'' of Mr. Keslar that the latter had reached an understanding with the deputy district attorney regarding appellant's punishment.

At the hearing on the instant motion, the court read the foregoing affidavit into the record.

Deputy District Attorney Myers then took the stand and testified that he had no recollection of any discussion with appellant's counsel; that he had been a deputy district attorney for 18 years and knew he had nothing to do with probation. He denied any conversation with Mr. Keslar concerning

this case. He stated that he would not object to a county jail sentence or any kind of a sentence because it was none of his business what sentence was meted out by the court. He also testified that he would not have objected to accepting the pleas of guilty in each case, since several checks were involved; that if he stood mute when appellant asked leave to file for probation, it was because probation is a matter outside his province. That Mr. Joseph L. Carr, Deputy District Attorney, was his associate in this case, and as calendar deputy, the witness told him that it would be all right to accept a plea to one count on both informations if the appellant offered it; that he had no conversation with either Mr. Keslar or Mr. Matthews because he had nothing to do with the case after he turned it over to Mr. Carr.

Mr. Carr testified he was the Deputy District Attorney who handled the case for the prosecution; that before trial he asked his superior, Mr. Myers, what arrangements had been made on the two informations and was told that the People would be willing to take a plea of guilty to one count in each information; that then Mr. Matthews approached the witness and asked what the prosecution would be willing to do; that he informed Mr. Matthews that he would take a plea of guilty as to one count on each of the two informations; that nothing further was said between the witness and Mr. Matthews. Shortly thereafter, appellant appeared in the courtroom, and with the court's consent the witness took a plea of guilty as to one count of each information. That nothing was said to the witness "as to what my disposition was as to any possible sentence. I made no promises to Mr. Matthews."

Mr. Keslar testified that he represented appellant through an associate at the preliminary hearing; that on May 22d he learned that Mr. Matthews had been retained by appellant. At a conference between appellant, Mr. Matthews and the witness, the latter told appellant that there were a number of counts which probably could be beaten because appellant was intoxicated at the time the checks were issued; that in view of the three or four counts which could not be beaten, it would be better for appellant to plead guilty to one count in each case if the district attorney's office would accept it.

That Mr. Matthews then stepped out of the room, the witness remaining; that Mr. Matthews returned soon after and stated that the prosecution would accept the proposed pleas and dismiss the other counts. This witness testified that appellant was told specifically at that time that no promises had

been made. He also denied that he ever talked to Deputy District Attorney Myers or anybody else concerning leniency for appellant. That he was present in the courtroom when appellant was asked by the court if any promise of reward or immunity had been made to him, and heard appellant answer that none was given.

Appellant in rebuttal testified that he did not see Mr. Keslar between the dates on which he pleaded not guilty and the date of trial on May 22d.

An examination of the record herein discloses that the testimony produced at the hearing on the motion directly controverted every material allegation of appellant's affidavit:

Mr. Keslar made no representations to appellant about promised leniency. He advised that a plea of guilty to one count in each information would benefit appellant, if the other counts were dismissed because there was a possible defense to only one count. Appellant was told that no promises had been made. Defense Attorney Matthews shortly thereafter advised appellant that the prosecution would accept pleas of guilty as to two counts and dismiss the remaining counts. Mr. Keslar did not speak to anyone about leniency for appellant.

Deputy District Attorney Myers never spoke to anyone about appellant's cases except the trial deputy, Mr. Carr. He advised Mr. Carr that guilty pleas would be acceptable on one count in each information. Nothing was said about any possible sentence. When asked by Mr. Matthews, Mr. Carr relayed this information to him.

All conflicts in the evidence must be resolved against appellant. In making his decision, the trial judge stated that the prosecution's evidence was corroborated by appellant's counsel at the time of sentencing, when he stated that he believed appellant would be imprisoned for a substantial length of time. The trial court also found that the deputy district attorneys did not "seemingly corroborate" any alleged representation because they discussed the matter of punishment with no one.

As stated in *People* v. *Gottlieb*, 25 Cal.App.2d 411, 415 [77 P.2d 489]: "The exceptional remedy above referred to was not designed to enable the guilty to escape punishment, but to purify and keep pure the administration of justice, and the same may be utilized upon only a strong and convincing showing of the deprivation of legal rights by extrinsic causes." See, also, *People* v. *Krug*, 33 Cal.App.2d 317, 321 [91 P.2d 637].

■ Moreover, one seeking the aid of the extraordinary writ of error *coram nobis* must show due diligence in applying therefor. (*People* v. *Shorts*, 32 Cal.2d 502, 515 [197 P.2d 330].) ■ The granting of relief is a matter largely within the discretion of the trial court, and unless an abuse of discretion is shown, its ruling will not be disturbed on appeal. (*People* v. *Kirk, supra* (98 Cal.App.2d 687).)

■ Appellant made no complaint at the time he was sentenced; he made no motion for a new trial and no appeal was taken. In addition, when he entered his pleas of guilty, he admitted that he had not been promised any reward or immunity.

The record is free from error. The order denying the motion to set aside the judgment is supported by the evidence.

The order is affirmed.

White, P. J., and Doran, J., concurred.