[Civ. No. 22917. Second Dist., Div. Two. Jan. 20, 1958.]

R. W. AGNEW, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; JOHN A. CRONIN, Real Party in Interest.

R. W. Agnew, in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

KINCAID, J. pro tem.*—This is a petition for writ of mandate directed to respondent superior court requiring it to make its order directing John A. Cronin, a witness in a deposition proceeding, to answer certain questions. No answer to the petition has been filed by Cronin.

The witness Cronin refused to answer some 17 questions on grounds of immateriality and of a privileged relationship existing between himself as attorney and defendant C. N. Young as his client.

■ ''Mandamus is the appropriate remedy to secure the enforcement of a litigant's statutory right to take depositions, and an appeal from a final judgment is neither speedy nor adequate where a trial court improperly refuses to order that a deposition be taken.'' (*McClatchy Newspapers* v. *Superior Court*, 26 Cal.2d 386, 392 [159 P.2d 944]. See *Brown* v. *Superior Court*, 34 Cal.2d 559 [212 P.2d 878].)

The pending action in which the deposition is being taken is by petitioner as plaintiff against Cronin, Young, Palumbo and others for damages for civil conspiracy and fraud, and for declaratory relief. (See *Agnew* v. *Cronin*, 148 Cal.App.2d 117 [306 P.2d 527].) Petitioner, having stated causes of action against the defendants Cronin, Young and Palumbo, the question is presented as to whether defendant Cronin may now refuse to answer the foregoing questions. These questions relate to actions of both Cronin and Young in first delivering to petitioner a check of Young for $325 in payment of a debt and then stopping payment on it; in filing a verified answer,

---

*Assigned by Chairman of Judicial Council.

with Cronin as notary, denying any indebtedness when in fact at least $325 was admittedly due; in calling Attorney Hardy to inform him of the debt due petitioner so that Hardy might levy execution on an outstanding judgment against petitioner at the same time concealing these facts from petitioner so that he would not be able to claim any exemption that might be available to him under such levy.

The question presented here is whether Cronin may refuse to answer the questions propounded at the taking of his deposition as a party to the litigation on the grounds of immateriality and of privileged relationship between himself and Young as attorney and client. ▇ Assuming as we must the truth of the foregoing statements of fact, it seems clear that in an action for civil conspiracy, fraud and declaratory relief, in which Cronin is named as party defendant, questions addressed to these matters cannot be successfully claimed as being immaterial.

▇ As to the attorney-client relationship this privilege is strictly construed. ▇ The burden is upon the party seeking to suppress the evidence to show that it is within the terms of the statute in question, section 1881 of the Code of Civil Procedure. (*Tanzola* v. *De Rita,* 45 Cal.2d 1, 6 [285 P.2d 897].) ▇ The great weight of authority holds that the privilege protecting communications between attorney and client is lost if the relation is abused as where the client seeks advice that will serve him in the commission of a fraud. (See cases collected in 125 A.L.R. 508, 512. *Wilson* v. *Superior Court,* 148 Cal.App.2d 433, 443 [307 P.2d 37]; *Abbott* v. *Superior Court,* 78 Cal.App.2d 19, 21 [177 P.2d 317].)

It is further undisputed that in the trial of another case with petitioner as plaintiff, Young and Palumbo as defendants and with Cronin as their attorney, being Los Angeles County Superior Court action Number 639033 in which petitioner sought and obtained a judgment for services rendered defendants and including the $325 item above mentioned, Young testified as a witness. He stated that he had told Cronin he owed petitioner $325 and a little bit more for the performance of electrical wiring services, that he had given Agnew a check on December 14, 1954, in that amount, that he had stopped payment thereon on December 15, 1954, and that Agnew continued to demand payment. He testified that after disclosing these facts Cronin prepared an answer denying that any sum was due petitioner, and had Young verify it with Cronin accepting his oath thereto as a notary public with full

knowledge that in truth and in fact said sum was due and owing petitioner. In the answer of Cronin, Young and Palumbo in the present action numbered 653435 "defendants admit that on December 14, 1954, plaintiff received from defendant C. N. Young a check in the sum of $325 and that on December 15, 1954, said defendant C. N. Young stopped payment on said check in the sum of $325 in order that said check could not be cashed by plaintiff."

█ Where a client voluntarily testifies as a witness to confidential communications made by him to his attorney he thereby waives the privileged character of such communications and both he and his attorney may then be fully examined in relation thereto. (*People* v. *Ottenstror,* 127 Cal.App.2d 104 [273 P.2d 289]; *Rose* v. *Crawford,* 37 Cal.App. 664 [174 P. 69]; *Stafford* v. *State Bar,* 219 Cal. 415 [26 P.2d 833]. See also *People* v. *Corsalini,* 46 Cal.App.2d 704 [116 P.2d 784]; *Hession* v. *City & County of San Francisco,* 122 Cal.App.2d 592 [265 P.2d 542].)

The writ of mandate is ordered issued directing respondent to set aside its order and to make the necessary orders to enable completion of the deposition in accordance with the views expressed herein. The alternative writ is discharged. Petitioner shall recover his costs.

Fox, Acting P. J., and Ashburn, J., concurred.