[Crim. No. 1295.   Fourth Dist.   Sept. 13, 1961.]

THE PEOPLE, Respondent, v. RODOLFO VASQUEZ
CALDERON, Appellant.

J. M. Lopes, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and A. Douglas MacRae, Deputy Attorney General, for Respondent.

COUGHLIN, J.—The defendant was charged with the murder of Rodolfo Saenz, i.e., a violation of section 187 of the Penal Code; pleaded not guilty and not guilty by reason of insanity; was tried by a jury; was convicted of murder in the second degree; withdrew his plea of not guilty by reason of insanity; moved for a new trial, which was denied; was sentenced to imprisonment in the State prison; and appeals from the judgment entered.

The defendant and Susanna Martinez lived together for 15 years, and had 10 children. They did not have a ceremonial marriage; commenced their relationship in Texas, where they lived for five years; then moved to California where they continued their relationship until September 1959, when Susanna withdrew from the house in which they had been living and took up her abode elsewhere. In December of that year she became pregnant by Rodolfo Saenz. The defendant first learned of this fact in March 1960; became angry and threatened her; but continued to visit at her home until sometime in June. In July, the defendant called Susanna on the telephone from San Jose and threatened to ''get'' her and Saenz, but she did not see him thereafter until July 23d, when he came to her home in Tulare; played with the children; drank coffee and went to sleep; woke up at 8 o'clock in the evening; and went to the home of Susanna's grandmother, where he spent the night. During all of this time he was sober. The next morning, after leaving the grandmother's home, the defendant went to the Tijuana Café. According to his testimony he met Saenz at the café; they said ''some words to each other''; whereupon Saenz moved to one side and made a motion with his right hand as if to get something; the defendant tried to grab him by the arm; Saenz ran; and the defendant ran after him. In the course of this chase Saenz tried to get through a hedge but was blocked by a fence and fell. The defendant does not remember what occurred thereafter. How-

ever, eyewitnesses saw the defendant chasing Saenz; saw Saenz fall; saw the defendant get down upon him; saw the defendant raise and lower his arm over the body of Saenz; saw a knife in the defendant's hand; and saw blood on the victim's body. Saenz died shortly thereafter; six knife wounds had been inflicted on his body; and two of these caused his death.

The defendant contends that the court committed prejudicial error in denying his motion to instruct the jury to disregard the testimony of Susanna Martinez upon the ground that she was his common-law wife, and also contends that, except for this testimony, the evidence is insufficient to establish the offense of murder in the second degree.

Susanna Martinez was called as the first witness for the People. This course followed that indicated by the district attorney in his opening statement. No objection was made to her competency as a witness at any time before or during the course of her examination. On the late morning of the next day, after nine other witnesses had been called, the defendant moved the court to instruct the jury that Susanna Martinez was his lawful wife and to disregard her testimony because at the time it was given "we were not aware of that fact, and by not being aware of that fact, we didn't have the opportunity to object as to privileged [sic] communication between husband and wife." In the course of the argument on this matter the attorney for the defendant stated:

"As I understand her testimony as based in September, 1959 on a phone call, that if she didn't go back to him he would get her and the decedent, which is practically a year ago. That is about the only thing that was brought out against the defendant by her. Otherwise, I couldn't see where her testimony hurt him at all."

The court took the motion under submission and at a later date denied the same. The only pertinent testimony on the common-law marriage issue which was before the court at the time the motion was made and denied, was that developed while Susanna was being questioned as a witness. On direct examination she testified that her name was Susanna Martinez; that she had known the defendant for 16 years; and had lived with him for 15 years. On cross-examination she testified that she had 10 children "from" the defendant; that she started living with him in the State of Texas; that they lived together in Texas from 1944 through 1949; then moved to California and lived together until September 1959; that she

and the defendant were not married; but from the time she started living with him in Texas she felt that they were husband and wife. The court properly sustained appropriate objections to questions asked by the defendant's attorney as to whether "they recognize common law marriage in Texas" and whether the witness and the defendant "lived together under common law circumstances." The only purpose in asking these questions was to elicit testimony in support of a conclusion that the witness was the common-law wife of the defendant. However, no objection was made to her competency or to her testimony until long after she had been fully examined. Even assuming the existence of a common-law marriage, and the consequent incompetency of the wife to testify against her husband without his consent (Pen. Code, § 1322), the failure to make timely objection constituted a waiver thereof equivalent to consent. (*People* v. *Singh*, 182 Cal. 457, 484 [188 P. 987]; *People* v. *Odmann*, 160 Cal.App.2d 693, 696 [325 P.2d 495]; *People* v. *Van Skander*, 20 Cal.App.2d 248, 254 [66 P.2d 1228].) The court was not required to accept the defendant's stated excuse for failing to object promptly. He was not privileged to withhold his objection pending determination whether the testimony of his wife would be favorable or unfavorable to his cause. (*Lissak* v. *Crocker Estate Co.*, 119 Cal. 442, 444-446 [51 P. 688]; generally see 158 A.L.R. 221.) Under the circumstances the court did not abuse its discretion in refusing to grant his motion.

Furthermore, the order of the trial court denying the motion is sustainable not only on the implied finding of consent, evidenced by a failure to make timely objection, but also on the implied finding that a common-law marriage did not exist.

Although the State of Texas recognizes the validity of a common-law marriage (*Grigsby* v. *Reib*, 105 Tex. 597 [153 S.W. 1124, 1126, L.R.A. 1915E 1, Ann.Cas. 1915C 1011]; *De Shazo* v. *Christian* (Tex. Civ. App.), 191 S.W.2d 495, 496; *Smith* v. *Smith* (Tex. Civ. App.), 257 S.W.2d 335, 337), and the trial court was required to take judicial notice of this fact (Code Civ. Proc., § 1875, subd. 3), nevertheless, the defendant had the burden of proving that the relationship between him and Susanna Martinez constituted a lawful marriage under the laws of that state. It is settled "that the burden is upon the party seeking to suppress the evidence to show that it is within the terms of the statute." (*Tanzola* v. *De Rita*, 45

Cal.2d 1, 6 [285 P.2d 897]; *Agnew* v. *Superior Court,* 156 Cal. App.2d 838, 840 [320 P.2d 158].)

To establish a common-law marriage under the laws of Texas it must be shown that there was "an agreement to become husband and wife, a living together pursuant thereto as such, and a holding out of each other to the public as husband and wife." (*Martinez* v. *Martinez,* (Tex. Civ. App.) 6 S.W.2d 408, 409; *Smith* v. *Smith,* (Tex. Civ. App.) *supra,* 257 S.W.2d 335, 337; *Manire* v. *Burt,* (Tex. Civ. App.) 121 S.W.2d 630, 633; *Salvini* v. *Salvini,* (Tex. Civ. App.) 2 S.W. 2d 963, 965.)

"None of these three essentials, standing alone, is sufficient to constitute a common-law marriage, but all three of them must appear and must be alleged and shown by the testimony in any case in which such a relationship is brought into question." (*De Shazo* v. *Christian,* (Tex. Civ. App.) *supra,* 191 S.W.2d 495, 496.)

Even though the evidence before the court in the instant case might support an inference that Miss Martinez and the defendant intended to enter into a marriage, based on her testimony that she felt that they were husband and wife during the time they lived together, the court was not required to draw that inference, and in support of the order made it will be assumed that such an inference was not drawn. (*Blank* v. *Coffin,* 20 Cal.2d 457, 460 [126 P.2d 868]; *Juchert* v. *California Water Service Co.,* 16 Cal.2d 500, 508 [106 P.2d 886]; *Coutts* v. *Grant,* 184 Cal.App.2d 255, 257 [7 Cal.Rptr. 431].) In this regard it is significant that throughout her testimony the witness was identified by an unmarried name, i.e., Miss Martinez, and not by a married name, i.e., Mrs. Calderon; that in answer to the question, "Were you and the defendant married" she replied "No"; and that the defendant, in a statement to the sheriff, said that she did not "go under" the name of Calderon, but "under" the name of Martinez. From this evidence the trial court also was entitled to conclude that the defendant and Miss Martinez did not publicly profess to be husband and wife. Thus two of the essential elements of a common-law marriage were not proven, i.e., an agreement to marry and public profession of the marital state, and the order of the court denying the motion to instruct the jury to disregard the subject testimony was proper.

■ If the defendant's motion be interpreted as including a request to instruct the jury that Susanna Martinez was the wife of the defendant, it properly was denied because, under

the evidence, the issue was one of fact and not of law. No requested instruction respecting the elements of a common-law marriage was submitted to the trial court. The issue was not one subject to the rule requiring the court to give general instructions in a criminal case on its own motion. It was an issue developed by the evidence and unless instructions were requested thereon no error occurred from a failure to give the same. (*People* v. *Klor*, 32 Cal.2d 658, 662 [197 P.2d 705].)

■ The contention that the evidence is insufficient to sustain the verdict finding the defendant guilty of murder in the second degree is without merit. The defendant claims that without the testimony of Susanna Martinez the evidence would support only a manslaughter verdict. The facts heretofore related, with or without those supplied by the testimony of Susanna Martinez, establish that the defendant unlawfully killed Rodolfo Saenz with malice aforethought; the malice being implied from the fact that no considerable provocation appears for the killing and the circumstances attending the same show an abandoned and malignant heart (*People* v. *Tubby*, 34 Cal.2d 72, 75-79 [207 P.2d 51]—which involved a violent killing; *Id. People* v. *Fleming*, 218 Cal. 300, 311-312 [23 P.2d 28]; *Id. People* v. *Bufarale*, 193 Cal.App.2d 551, 560-561 [14 Cal.Rptr. 381]; *Id. People* v. *Ogg*, 159 Cal.App.2d 38, 50 [323 P.2d 117]; *People* v. *Bender*, 27 Cal.2d 164, 179 [163 P.2d 8]—stating the rule *re* presumption of malice from an unlawful killing where no other showing is made; *Id. People* v. *Howard* 211 Cal. 322, 329 [295 P. 333, 71 A.L.R. 1385]), and therefore, committed the offense of murder in the second degree. The evidence does not compel the conclusion that the killing was done upon a sudden quarrel or heat of passion, which are elements of manslaughter (Pen. Code, § 192); and the contention of the defendant in this regard must be rejected.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.