| 67 | 113 |
| 114 | 16 |
| 67 | 113 |
| 141 | 552 |

[No. 20054.   Department Two. — June 4, 1885.]

## THE PEOPLE, RESPONDENT, v. JOHN LENNOX, APPELLANT.

CRIMINAL LAW — PLEA OF GUILTY — WITHDRAWAL OF PLEA AFTER PUNISHMENT HAS BEEN FIXED. — In a prosecution for murder, the defendant, with the concurrence of his attorney and other persons of whom he sought advice, pleaded guilty. The court, after hearing evidence, determined the degree of the crime, and fixed the punishment at death. Held, that the defendant could not afterwards withdraw his plea and plead not guilty.

ID. — WAIVER OF RIGHT TO JURY TRIAL. — In a criminal prosecution, a defendant, by pleading guilty, waives his right to a trial by jury.

APPEAL from a judgment and certain orders of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*John F. Godfrey*, for Appellant.

*Attorney-General Marshall*, for Respondent.

MYRICK, J. — The defendant was accused by information of the crime of murder. He was arraigned and pleaded not guilty, and the cause was set for trial. On the day set, September 4, 1884, the defendant by his counsel moved the court for leave to withdraw his plea of not guilty, and offered to plead *nolo contendere*. The motion was objected to by the district attorney, and was denied by the court. The defendant then asked leave to withdraw his plea of not guilty, which motion

LXVII. CAL. — 8.

was granted: The defendant then pleaded guilty. Thereupon the court proceeded to hear evidence for the purpose of fixing the degree of the crime. Witnesses were examined, as well those offered by the defendant as for the prosecution — some thirty in all. After hearing the evidence, the court fixed the degree of the crime to be murder in the first degree, and set September 11, 1884, as the day on which the punishment should be determined. On that day, the court, referring to section 190 of the Penal Code, and to the testimony which had been taken, declared to the defendant that the discretion to be exercised by the court, as to whether the punishment should be death or imprisonment for life, was the same as that to be exercised by a jury determining the same question, and that, "from the evidence in this case I can find no circumstances of mitigation, but many of aggravation; the fact that your passions were inflamed with strong drink can furnish no extenuation. I must therefore adjudge that you be taken hence by the sheriff of this county to its county jail, where you will be by him retained until at a time and place to be hereafter determined by the court you will be hanged by the neck until you are dead."

Thereupon, and before the clerk had entered the judgment in the record, the defendant's attorney moved the court to permit the defendant to withdraw the plea of guilty, and to plead not guilty, on the ground that the defendant had been misled in withdrawing his plea of not guilty, and pleading guilty. The reasons given in the record why the defendant deemed himself misled in pleading guilty were because his father, a deputy sheriff, and his attorney, expressed to him the belief that if he pleaded not guilty and was tried by a jury, the jury would find him guilty, and affix the death penalty; whereas, if he pleaded guilty, they believed the court might, in the exercise of its judgment, fix the punishment at imprisonment for life.

We see no error. The defendant, with his own knowledge of what he had done, with the concurrence of his attorney and such others as he sought advice of, pleaded guilty to the charge; the court, in compliance with section 1192 of the Penal Code, determined the degree, and, after hearing evidence, determined, in compliance with section 190 of the Penal Code, the punishment. All the proceedings seem to have been according to law.

Not until after the court had performed its duty of fixing the punishment did the defendant express any desire to reconsider his plea of guilty.

The point that the defendant could not, by pleading guilty, waive a trial by jury, is answered adversely to him by the decision in *People* v. *Noll*, 20 Cal. 164

The judgment and the orders appealed from are affirmed, and the cause is remanded to the Superior Court of Los Angeles County, with directions to proceed according to law in carrying the sentence into execution.

SHARPSTEIN, J., and THORNTON, J., concurred.