[Crim. No. 2512.   Second Appellate District, Division Two.—May 31, 1934.]

THE PEOPLE, Respondent, v. FLORENCE LENORE, Appellant.

Larsen & Shaw for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—The information charged defendant with issuing checks without sufficient funds, in two counts. A prior conviction of a felony was also charged, and admitted.   Upon trial by the court without a jury defendant

was convicted on both counts. From the judgment and order denying motion for a new trial she appeals.

Defendant presented two checks to the proprietor of the hotel in Los Angeles where she was stopping and received cash therefor. The checks, drawn on a bank in Des Moines, Iowa, were returned unpaid, with a "certificate of protest" and copy of "notice of protest" attached to each, attested by a notarial signature and seal. Upon being arrested defendant stated that she had never been in Des Moines and had no account at the bank in question, but had obtained the blank checks from a friend, and that she wrote them. At the trial no evidence was presented in her behalf.

■ Appellant contends that section 476a of the Penal Code, which provides in part that "where such check, draft or order is protested, on the ground of insufficiency of funds or credit, the notice of protest thereof shall be admissible as proof of presentation, nonpayment and protest and shall be presumptive evidence of knowledge of insufficiency of funds or credit with such bank or depositary, or person, or firm, or corporation", is contrary to the provisions of the Constitution of the United States and of the state of California in that it denies her the "right to be confronted by the witnesses against" her and is in violation of due process of law. This question was determined by this court adversely to such contention in *People* v. *Bullock*, 123 Cal. App. 299 [11 Pac. (2d) 441], and an application to have such cause heard in the Supreme Court was denied. Defense counsel cites *Morrison* v. *People of the State of California*, 291 U. S. 82 [54 Sup. Ct. 281, 78 L. Ed. Adv. Opn. 376], in support of the contention that this court should reconsider its view of the law as expressed in the Bullock case. A careful consideration of the principles announced in that case, with especial reference to the language used in distinguishing it from *Morrison* v. *California*, 288 U. S. 591 [53 Sup. Ct. 401, 77 L. Ed. 970], confirms the correctness of this court's reasoning concerning the validity of section 476a, as expressed in *People* v. *Bullock, supra.*

■ The remaining contention is that the affidavits of protest were inadmissible in that they were not in the proper form as required by law. Appellant made no objection at the trial to the form of notices of protest or the

lack of authentication of the notary's signature and seal. The objection was made to their introduction for the reason that their introduction would be in violation of the defendant's constitutional rights. The same question was raised and decided adversely to appellant in *People* v. *Bullock, supra,* under a state of the record similar to that in the instant case.

Judgment and order affirmed.

Stephens, P. J., and Desmond, J., concurred.