[Crim. No. 4509. Second Dist., Div. Three. Nov. 1, 1950.]

THE PEOPLE, Respondent, v. BELLE MORTON et al., Defendants; LESTER SPARKS, Appellant.

Lester Sparks, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

SHINN, P. J.—Lester Sparks was charged in separate counts with six offenses of forgery of fictitious names with three prior convictions and imprisonment therefor. Having pleaded not guilty, he changed his plea when the case was called for trial and pleaded guilty as charged to counts I and II of the information. Trial by jury was duly waived on the issue of the first two prior convictions. The court found the charge of one prior conviction to be untrue and the second to be true. Leave was granted to file an application for probation and the same was filed and denied. Time for sentence

was waived and on October 18, 1948, sentence was imposed for the term prescribed by law as to counts I and II, the sentences to run consecutively. The remaining counts were dismissed. In March of 1950, Sparks filed a petition in the Superior Court of Los Angeles County for a writ of error *coram nobis* which was heard and denied April 12, 1950. He appeals from the order denying the writ and represents himself on the appeal. We find nothing in the record which would justify the issuance of the writ applied for.

The case is but another of the many that have recently been presented to the courts by prisoners whose hopes of release have been founded upon a complete misconception of the functions of the writ. In speaking of *coram nobis* the court said in *People* v. *Shorts,* 32 Cal.2d 502, 508 [197 P.2d 330]: ". . . the final, affirmed judgment of conviction is conclusive unless set aside upon a ground amounting to, akin to, or in the nature of extrinsic fraud or some other lack of due process, or, as has often been said in substance, upon proof that a fact existed which could not in the exercise of due diligence by the defendant have been proved at the trial, and which, if known then, would have precluded the judgment from being entered. (See *People* v. *Gilbert* (1944), *supra,* 25 Cal.2d 422, 442 [154 P.2d 657], and authorities there cited.)" Therefore it is not a substitute for appeal.

 Petitioner's points are the following: (1) He was held to answer at the preliminary upon insufficient evidence in that he was not identified as a person who cashed the checks; (2) the offense of passing a fictitious check is not a felony; (3) the records of his former convictions were not sufficiently authenticated; (4) he was induced by the attorney he had employed and paid to enter his plea of guilty and was thereby deprived of his constitutional right to the aid of counsel.

The first point could have been raised by motion for dismissal under section 995 of the Penal Code, which, of course, was not made. The second and third points were not newly discovered. They could have been raised at the trial or upon appeal and do not furnish a ground for the present attack upon the judgment. As to the fourth point the claim is that the attorney employed by him advised him that if he pleaded guilty he would not receive a prison sentence, and that he acted upon such advice. No showing was made that any responsible representative of the State had knowledge of this representation or did or said anything directly or indirectly to induce appellant to enter a plea of guilty. No responsibil-

ity rests upon the State to see that an accused receives sound advice from his attorney. The claim of fraud is therefore unfounded. (*People* v. *Gilbert,* 25 Cal.2d 422, 443 [154 P.2d 657] ; *People* v. *Kirk,* 98 Cal.App.2d 687, 693 [220 P.2d 976].) ■ One who has had representation by counsel of his own choice and an unhampered opportunity to prepare and present his defense has not been deprived of his constitutional right to the aid of counsel. There was no showing that appellant did not have such an opportunity.

The order denying the petition for writ of error *coram nobis* is affirmed.

Wood (Parker), J., and Vallée, J., concurred.