[Crim. No. 4626.   Second Dist., Div. Three.   July 6, 1951.]

THE PEOPLE, Respondent, v. HENRY JOSEPH
YNOSTROZA, Appellant.

Altagen, Rubin & Umann and Harry M. Umann for Appellant.

Edmund G. Brown, Attorney General, and Gilbert Harelson, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Appeal from an order denying petition for writ of error *coram nobis.*

Defendant was charged with violation of section 11500 of the Health and Safety Code, in that he unlawfully had in his possession flowering tops and leaves of Indian Hemp.   At all proceedings in court he was represented by an attorney at law.   At the arraignment he pleaded not guilty.   On the date the case was set for trial he pleaded guilty.   He was sentenced to imprisonment in the penitentiary.

About two months after he had been sentenced, he filed in the trial court a petition for a writ of *coram nobis,* which

petition stated in part as follows: That his attorney "through coercion, fraud, pressure and duress" induced him to withdraw his plea of not guilty and to plead guilty; that defendant was not guilty of the crime charged, and he would have been able to establish his innocence if the matter had been tried on its merits. In his affidavit in support of said petition he stated in part as follows: That he was arrested at home; about two hours before he was arrested he had left his wife's car at a nearby garage to be repaired; the officers took him to the garage and "pulled out of the car an inner tube" containing marijuana and accused him of owning the marijuana; he denied the accusation; he at all times stated to his attorney that he was not guilty; at the time set for the trial the judge who usually presided in said department of the court was on vacation and another judge was presiding; his attorney told him that because he had been a defendant in the "Sleepy Lagoon case" it would be better for defendant, although he was not guilty, to plead guilty before the judge then presiding and he would probably receive a suspended sentence; that he replied that he was innocent and he would prefer to let the court decide the case; his attorney then insisted that he plead guilty, and if he did not plead guilty he would no doubt be punished very severely if he were found guilty; that through the pressure, insistence and demands of his attorney he was induced to plead guilty when in truth he was not guilty; that the transcript of the preliminary examination shows that the car in which the marijuana was found was out of the possession of defendant at least two hours, that during that time many persons entered the garage premises, that the car was parked on a lot outside the garage and anyone could have placed the marijuana therein; he related said facts to his attorney, but the attorney kept insisting that he plead guilty; the car belonged to his wife; the officers threatened to arrest his wife and entire family unless he admitted that the marijuana belonged to him; he would not have pleaded guilty if he had not been induced by the coercion, fraud and duress practiced upon him by his attorney.

This appeal is wholly without merit. ■ The mere fact that a defendant's private attorney advises and persuades him to plead guilty does not constitute a sufficient basis for issuing a writ of error *coram nobis*. (See *People* v. *Gilbert*, 25 Cal.2d 422, 443 [154 P.2d 657, 667, 668]; *People* v. *Morton*, 100 Cal.App.2d 269, 270, 271 [223 P.2d 259, 260]; *People* v. *Martinez*, 88 Cal.App.2d 767, 772 [199 P.2d 375, 378].)

334

■ Furthermore, the trial court found as a fact that defendant did not enter his plea of guilty by reason of coercion or fraud practiced upon him by his attorney. The attorney testified at the hearing that when defendant first came to him he told him (attorney) that he had had about 36 pounds of marijuana in the two tire tubes in the car which was in a public garage; the officers who found the marijuana told the attorney that it took them an hour to find the secret compartment; defendant told him that he (defendant) had told the officers that the marijuana was his; the attorney then told defendant that under those circumstances "you have just hung yourself, there is nothing you can do"; the attorney told defendant he had no defense, and the defendant replied, "No, I have no defense"; the plea of not guilty was entered because the defendant wanted to stay out of jail as long as possible; they (attorney and defendant) always contemplated that defendant would plead guilty at the time of trial; defendant said, on several occasions, that he wanted the case moved to another department because he knew that Judge Fricke (the judge who usually presided in the department where the case was set for trial) recognized him as one of the defendants in the Sleepy Lagoon case; he (attorney) told defendant on the date set for the trial that it might be to his advantage "to enter a plea before Judge Bull [the judge then presiding], because he may not recognize you and he may not know anything about the Sleepy Lagoon case"; he told defendant that he assumed that Judge Bull "would do the sentencing," and that he was hopeful that would be the outcome of it, "but we don't always get our hopes"; he reminded defendant that defendant had been sentenced to a year in the county jail for selling heroin and that he had been out of jail about four months when he was found with this marijuana; he also told defendant that "because of the amount of marijuana that was found that he could not expect too much leniency"; and he did not promise defendant that the court would give him leniency if he pleaded guilty.

■ The resolution of the conflict in the evidence, between the allegations of defendant in his affidavit and the testimony of the attorney, was for the determination of the trial judge. (*People* v. *Kirk*, 98 Cal.App.2d 687, 694 [220 P.2d 976, 981].) The trial judge stated that he did not believe the statements of defendant.

The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.