[Crim. No. 4635. Second Dist., Div. Three. July 27, 1951.]

THE PEOPLE, Respondent, v. CARL STEWART HARRIS, Appellant.

Max Tendler and William W. Larsen for Appellant.

Edmund G. Brown, Attorney General, and Gilbert Harelson, Deputy Attorney General, for Respondent.

SHINN, P. J.—Appellant was convicted in a jury trial of two offenses of incest, the victim being his 16-year-old daughter. He moved for a new trial, which was denied, and he was sentenced to state prison for concurrent terms.

The points raised on the appeal are: (1) Insufficiency of the evidence; (2) misdirection of the jury; (3) failure to properly instruct the jury; (4) errors in the admission and exclusion of evidence; (5) alleged misconduct of the deputy district attorney, and (6) Penal Code, section 285 is unconstitutional. Appellant's argument on the first point is, in reality, but an attack upon the credibility of the prosecutrix, the claim being that her testimony was unworthy of belief and contradicted and discredited by the testimony of a physician who examined her a short time after the latest alleged act of intercourse.

The prosecutrix testified that she had submitted to appellant "on an average of about once a week" over a period of a year and a half or two years. The information charged that one offense was committed on September 2, 1950, and the other September 10, 1950. The prosecutrix testified that

on September 14th she walked about 2 miles to the home of a Mrs. Case and made complaint of her father's conduct, that she and Mrs. Case went to her home and she repeated her complaints to her mother; that although she had not previously made complaint to anyone about the matter her silence was due to fear of the consequences if she complained. Mrs. Case gave corroborative testimony as to the complaints that were made to her and repeated to the mother of the prosecutrix. There was nothing indefinite or uncertain in the testimony of the prosecutrix as to the acts charged. Neither was there anything in her narration of the occurrences that was improbable or unbelievable; it was not shown that she was actuated by malice, nor that she would have had any reason to accuse appellant falsely. She testified without evasion or contradiction and the record discloses no weakness in her testimony that would have required the jury to disbelieve it. A recitation of the girl's testimony would only demonstrate that it was not incredible.

A police surgeon testified that he examined prosecutrix on September 18th and concluded that there had been recent vaginal penetration and what appeared to be a recent rupture of the hymen; that in his opinion it was not an old rupture. It is insisted that the testimony of the physician was contradictory of that of the prosecutrix that appellant had had intercourse with her for a period of one and a half or two years. There was, in this respect, a conflict between the testimony of the girl and the opinion of the physician. But it was for the jury to choose between the two. While in one respect there was contradiction in the testimony of the physician, there was also corroboration upon the vital questions in the case. The testimony of the physician gave substantial support to the girl's testimony as to the commission of the crimes on the dates charged. The jury could have believed that having told the truth as to recent occurrences she was probably truthful in all her testimony and that the physician was mistaken in his opinion. The evidence was legally sufficient to support the verdict. We cannot agree with appellant's contention that the jury would have understood the instruction he criticizes to mean that a finding of guilt as to one offense would have justified a conviction of both.

It is claimed the court should have instructed that statements or admissions by defendant should be viewed with caution. We do not find in the record any incriminating statement of defendant to which such an instruction would have

been relevant. Neither was there occasion to give an instruction on circumstantial evidence. There was a minimum of circumstantial evidence. It amounted to no more than would normally be found in a case where proof of guilt consisted of direct evidence.

The charges of prejudicial statements by the court and the deputy district attorney are unsubstantial. Appellant does not contend there was misconduct requiring a reversal but only such as would give emphasis to the other points he makes. We do not share this view.

 Appellant suggests that Penal Code, section 285 (incest) is so vague and ambiguous as to render it unconstitutional and void. He also says that since the prosecutrix was under 18 years of age the offense of rape was an included offense and the jury should have been so instructed, and also instructed that if defendant should be convicted of rape the verdict should determine whether punishment should be by imprisonment in the state prison or in the county jail. The code section is not ambiguous or vague. The theory of included offenses is that in the lesser offenses some element of the greater is absent. In the present case, the relationship of the parties being established, appellant could not have committed rape without also committing the crime of incest. If he has committed two crimes he does not have the right to designate the one he would prefer to answer.

The judgment and order are affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied August 2, 1951.