[Crim. No. 3056.  First Dist., Div. Two.  Jan. 24, 1955.]

THE PEOPLE, Respondent, v. L. C. KEETON, Appellant.

L. C. Keeton, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant appeals from an order denying his petition for a writ of error *coram nobis.*

Appellant pleaded guilty to a charge of murder in 1947, the trial judge determined the murder to be in the first degree and sentenced appellant to life imprisonment. The record shows that while the two were seated on the side of their bed appellant fired five shots at his wife thereby killing her. He then fired one bullet into his own head. An officer testified at the preliminary hearing that appellant stated to him that before shooting ''there wasn't any quarrel. She just wasn't treating him right.''

■ Appellant's first contention is that by reason of the self-inflicted wound in his head he was not able to understand the proceedings, or as he puts it "was mentally absent from the entire proceeding." The record shows that appellant was examined by two court-appointed psychiatrists who found that he "understands the nature of the charges against him and the possible punishments therefor. . . . Accused was oriented for time, place and person."

Appellant's claim that there was no sworn complaint charging him with murder is contrary to the record. The record shows a sworn complaint, a full preliminary hearing, a holding to answer, an information, an original plea of not guilty and not guilty by reason of insanity, the withdrawal of those pleas and a plea of guilty. Appellant was at all times represented by the public defender.

■ Appellant claims that he was not allowed a trial by jury, the production of witnesses or the right to prove that the killing was in self-defense. His plea of guilty to the charge of murder is an answer to all of these contentions.

In fixing the degree the court had before it the testimony taken at the preliminary hearing from which the court concluded that he "is of the opinion that the murder is murder of the first degree." The record supports this finding.

■ Appellant's statement that he was denied the right to counsel is answered by the record. He was represented by the public defender and made no objection to that representation before the trial court. His claim that he was denied the right of appeal is futile in view of his plea of guilty and the support in the record for the order fixing the degree of the crime.

Appellant appears in propria persona and his arguments are quite confused. We have examined the record in the light of this fact and find nothing therein to entitle him to the relief sought. We have thought it advisable to treat appellant's contentions on their merits without regard to whether *coram nobis* is the proper remedy. (See *People* v. *Adamson,* 34 Cal.2d 320 [210 P.2d 13].)

Order affirmed.

Nourse, P. J., and Kaufman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 16, 1955.