[Crim. No. 1329.   Fourth Dist.   Mar. 26, 1958.]

THE PEOPLE, Respondent, v. PAUL C. LOEBER, Appellant.

Paul C. Loeber, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, William E. James and Albert Bianchi, Deputy Attorneys General, for Respondent.

MUSSELL, J.—In a complaint filed in the Municipal Court in the San Diego Judicial District appellant was charged with three separate counts of issuing checks without sufficient funds in violation of section 476a of the Penal Code. He appeared in said court in person and through his attorney and entered a plea of guilty of the offense charged in the complaint. He was then certified to the Superior Court of San Diego County for further proceedings and, upon his arraignment in said superior court, he again personally and through his then attorney entered a plea of guilty to the three counts in the complaint. Probation was denied and appellant was ordered committed to the state prison, the sentence to run "consecutively with relation to counts Numbers 1 and 3, and concurrently with relation to count No. 2."

Appellant states in his notice of appeal that he "appeals from the sentence imposed in and from the judgment of conviction in this action." His first contention is that a deputy district attorney "made a 'deal' to drop a charge of grand theft and two counts of NSF checks in exchange for a plea of guilty from the appellant to one count of NSF checks, and further District Attorney (deputy) lead the appellant to believe that he was pleading guilty to a charge carrying a lessor penalty." In support of this contention appellant attaches to his opening brief a letter written to him on September 11, 1957, by a deputy district attorney, and also refers to conversations allegedly had between appellant, his counsel and the deputy district attorney. The letter does not indicate that a "deal" as described by appellant was made. The appellant was advised therein that the district attorney's office had dismissed a grand theft charge in consideration of appellant's plea of guilty to the three counts charged in the complaint; that the deputy district attorney had talked with appellant's attorney, who stated to him that the district attorney's office had never agreed to dismiss any of the check charges against appellant. No motion for a new trial was made by appellant and no affidavits or other evidence was presented to the trial court to sustain his contention. In *People* v. *Croft,* 134 Cal.App.2d 800, 804 [286 P.2d 479], it was held that no facts outside the record and no affidavits which were not before the trial court can be considered on appeal, and that statements in briefs are not part of the record on appeal. In *People* v. *Gilbert,* 25 Cal.2d 422, 442 [154 P.2d 657], it is said:

"The state will not, through its courts, pronounce judgment on a plea which has been procured by fraud or duress or by any force which operates to preclude the exercise of free will and judgment by the party. Neither will it permit a scheming criminal to trifle with its processes. He may gamble only at his own risk on the result of a plea of guilty when that plea is entered through the exercise of his judgment unvitiated by fraud, duress, or similar motivating influence. If he claims such overreaching he must bear the burden of proof."

Appellant has failed to bear the burden of proving a "deal" as claimed.

■ Appellant next claims that he was detained by the police for a period of thirty-eight hours and was refused legal counsel during that time and that this constituted coercion, fraud, duress and deception. This claim is unsupported by the record and, as is said in *People* v. *Henderson,* 121 Cal.App.2d 298, 300 [262 P.2d 871], "Merely because a prisoner fills his brief with narratives about which the court below knew nothing, a record on appeal is not thereby made. Briefs are not the basis of an appeal. They discuss the record contained in the reporter's transcript and in the minutes of the clerk. It is also said on page 300:

"There is nothing a reviewing court can do about talk outside of a court proceeding in the absence of an appropriate record thereof by affidavit or otherwise. If we were obliged on every appeal to try the merits of conversations participated in by litigants outside the presence of the court, there would be no end of most appeals. Our only concern is with what was said to the court or in its presence when actually investigating the facts of a controversy or with what is said by an accused person in making his plea of guilty or by his own or opposing counsel and the remarks of the court, if any."

■ Appellant next argues that "judgments were pronounced without pleas by appellant who stood mute while the public defender entered pleas of guilty which were illegal and prejudicial to appellant." This contention is without merit. The transcript of the proceedings in the superior court on June 6, 1957, contains the following questions and answers:

"THE COURT: People against Paul C. Loeber.

"MR. MILLS: Ready, your Honor.

"THE CLERK: Your true name is Paul C. Loeber?

"THE DEFENDANT: Yes.

"THE CLERK: You are represented by Mr. Mansfield A. Mills?

"THE DEFENDANT: That is correct.

"THE CLERK: Mr. Loeber, you have heretofore on May 31, 1957, in Municipal Court Number 3, entered a plea of guilty to three counts of issuing checks without sufficient funds. What is your plea at this time?

"THE DEFENDANT: Guilty.

"THE CLERK: As to all three counts?

"THE DEFENDANT: Yes, sir.

"MR. MILLS: We would like to make an application for probation at this time, your Honor. . . ."

This transcript was certified by the official court reporter as a true and correct transcript of the proceedings held at the time.

The next contention is that the attorney appointed as counsel for appellant was inexperienced in the practice of criminal law and "did not satisfy appellant's constitutional guarantee." This contention is likewise not supported by the record for it appears therefrom that appellant, in both the municipal and superior courts, personally and by his attorney entered a plea of guilty to the three counts charged in the complaint. There is no showing that the attorney appointed by the superior court failed to properly represent appellant.

Appellant further contends that the only charge which could properly have been made against him was the crime of grand theft and that even if the proper charge was made, it would have included only one count, as he deposited all of the checks on one deposit slip. However, we are not here concerned with the charge of grand theft as the complaint charged appellant with the fraudulent utterance of three different checks for different amounts and at a time when he knew he had insufficient funds to meet them upon presentation. He pleaded guilty to these charges and the fact that he may also have committed another crime did not give him the right to designate the one he would prefer to answer. (*People* v. *Harris*, 105 Cal.App.2d 701, 704 [233 P.2d 633].)

It is further claimed by the appellant that the court erroneously failed to admonish him of the consequences of a plea of guilty and failed to ask him whether any promise, reward or immunity had been offered or granted. The trial court was not required to so "admonish" the appellant or to ask him the question stated. Furthermore, the record also

shows that when appellant entered his pleas in the municipal court he was represented by counsel, who presumably informed him of the consequences of the plea entered.

Appellant claims that prejudice was shown by the court at the time of reducing appellant's bail in remarking "no doubt the defendant will be sentenced to prison." The record fails to substantiate this charge for it shows the following:

"MR. MILLS: . . . If the Court please, I would like to . . . ask if it would be possible for the Court to grant a reduction of bail. He is unable to make twenty-five hundred. . . .

"THE COURT: Well, I don't know. He will probably be doing some time anyway.

"MR. MILLS: I realize that . . .

"THE COURT: I will reduce it to fifteen hundred."

Appellant claims that the probation officer improperly rendered two reports to the court; that he was prejudiced by numerous errors and misleading statements found in the report; that the probation officer was prejudiced against appellant and deliberately omitted from his report many letters of recommendation; that the court abused its discretion by not allowing appellant to correct errors in the report; that the court was improperly influenced by "vague statements" found in the probation report and that the court abused its discretion by not granting probation to appellant. These objections to the probation officer's report were not urged at the hearing before the trial court. If appellant believed the report to be insufficient, vague or indefinite, he was entitled to present witnesses to testify in mitigation of his punishment at the time of his hearing on application for probation. (*People* v. *Escobar,* 122 Cal.App.2d 15, 20 [264 P.2d 571].)

Furthermore, the granting or withholding of probation is a matter that rests entirely in the sound discretion of the trial court. Probation is not a right given to a defendant in a criminal proceeding who has either pleaded guilty to the commission of an offense or who has been convicted thereof. It is an act of grace and clemency granted to a deserving defendant whereby he may escape the extreme rigors of the penalty imposed by law for the offense of which he stands convicted, and the only right which an applicant for probation possesses is that his petition shall receive consideration by the court. He may not demand clemency as a matter of right. (*People* v. *Frank,* 94 Cal.App.2d 740 [211 P.2d 350].)

The record shows that appellant's petition for proba-

tion was considered by the trial court and no abuse of discretion appears.

■ Appellant claims that the "commitment to state prison" was incorrect and illegal in that it incorrectly related that appellant was asked whether "he had any legal cause to show why judgment should not be pronounced against him, to which he replied that he had none." The transcript shows the following: "THE CLERK: . . . Have you any legal cause to show why judgment should not be pronounced? THE DEFENDANT: (No answer)." Under these circumstances there was no prejudicial error in the wording of the commitment.

Appellant claims that the order made in the municipal court was "vague, indefinite and without bounds" and was therefore invalid. The order refers to the complaint attached thereto and there is nothing vague or indefinite in it.

■ Finally, appellant claims that the trial court abused its discretion in ordering the sentences on two of the counts to run consecutively and that this resulted in a denial of due process of law. This argument likewise has no merit. ■ It is within the trial court's discretion whether the sentences shall be served consecutively or concurrently. (*People* v. *Tipton,* 124 Cal.App.2d 213, 217 [268 P.2d 196].) ■ No abuse of discretion appears in this connection.

Appellant filed in this court a motion to correct alleged errors or omissions in the reporter's transcript and to examine the reporter's notes and records. This motion was deferred to be considered in connection with the submission of the cause on its merits. It is apparent from a reading of the motion made that appellant seeks to include in the record on appeal many matters which are not properly a part of the record. The motion is denied.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied April 25, 1958, and appellant's petition for a hearing by the Supreme Court was denied May 21, 1958. Schauer, J., was of the opinion that the petition should be granted.