[Crim. No. 2952.   Third Dist.   July 21, 1959.]

THE PEOPLE, Respondent, v. ARTHUR JOHN DELASANTOS, Appellant.

*Assigned by Chairman of Judicial Council.

Vincent W. Reagor, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

WARNE, J. pro tem.*—On March 21, 1958, a complaint was filed charging the appellant with seven counts of issuing checks without sufficient funds with intent to defraud. (Pen. Code, § 476a.) The complaint also charged two prior convictions consisting of a forgery conviction in 1947 and a robbery conviction in 1949.

Appellant, on being arraigned in the Municipal Court for the Santa Rosa Judicial District of Sonoma County, pleaded guilty as to each of the seven counts and admitted the two prior convictions. At that time he was represented by counsel appointed by the court who was also appointed to represent him in the superior court.

Upon his appearance in the superior court on April 25, 1958, appellant and his attorney requested a continuance for the purpose of permitting investigation and report of the probation officer. On May 9, 1958, the trial court heard arguments on the motion and determined that because of appellant's two prior felony convictions he was not eligible for probation (Pen. Code, § 1203), and at that time appellant was granted one week's continuance in order to make a motion for change of plea. On May 16, 1958, appellant's motion to withdraw his plea of guilty and enter a plea of not guilty was denied. Probation was then ordered denied, and judgment was entered committing appellant to imprisonment in the state prison for the term prescribed by law. The trial court ordered that the sentences on all counts run concurrently. Defendant appeals from the judgment.

The record of the oral proceedings shows that on May 9 counsel, in arguing for the continuance, stated that he, as appellant's counsel, learned after appellant had entered his plea of guilty that no complaint had been made by the persons to whom the checks had been issued, and on May 16, 1958, he stated to the trial court that following the continuance he had "talked to three other complaining witnesses . . . to whom he had not talked prior to the Defendant's plea of guilty." He stated that "it was determined that they were

*Assigned by Chairman of Judicial Council.

unaware of any criminal proceedings pending . . ." One of the witnesses had stated that he knew at the time he accepted the check that the defendant had no money and that on many prior occasions this person had always been able to obtain his money through the sheriff's office. Upon this statement alone counsel for appellant requested that appellant be permitted to change his plea, the ground being that the information then available to counsel indicated that these checks were accepted with knowledge that there were no funds to cover them. However, counsel indicated to the court that he was unable to talk with some of the remaining complaining witnesses.

Appellant first contends that he was denied the effective aid of counsel guaranteed by the Constitution; and secondly, that the trial court abused its discretion in denying his motion for a change of plea. We have concluded that there is no merit in either contention.

Appellant contends that it is the duty of counsel to investigate carefully all the defenses of fact and law which may be available and to confer with the defendant about them before permitting him to plead guilty. He asserts that his counsel in the trial court was ineffective in this respect. In support of this argument he relies upon the case of *People* v. *Avilez*, 86 Cal.App.2d 289 [194 P.2d 829]. That case is factually different from the one before us and is clearly distinguishable. In that case the defendant was deprived of the effective aid of counsel by action of the trial court. The opinion in that case points out that private legal counsel had been retained for the defendant, and such fact was known both to the prosecution and the court. It was also known that such private legal counsel had been delayed in reaching the court. Nevertheless the proceedings there were accelerated by the court and the prosecution by the appointment of a deputy public defender to represent the defendant. This deputy public defender then merely acted *pro forma* and permitted the defendant to enter a plea of guilty immediately without any investigation of the facts or consultation with his client other than to advise him to plead guilty.

In the instant case there is nothing to show that defense counsel had not had an opportunity to consult with and advise appellant. To the contrary, the record indicates that counsel for the appellant had represented him for some time prior to the plea of guilty. There is an indication that

counsel did make some investigation of the charges prior to advising appellant. He also consulted appellant who was familiar with all the facts. It therefore may not be said that the plea of guilty was made without full knowledge of the consequences and without the advice of counsel.

In *People* v. *Rainey*, 125 Cal.App.2d 739 [271 P.2d 144], the court held that a defendant was not deprived of effective legal assistance when he was advised by his counsel to plead guilty to a robbery charge in a municipal court and stipulated in the superior court that the crime was one of first degree, in the absence of any showing that the advice and stipulation were not in accord with the facts as known to the defendant.

Similarly, in *People* v. *Logan*, 137 Cal.App.2d 331, 335 [290 P.2d 11], the court said: "When it is claimed on motion for a new trial or appeal in a criminal case that the defendant was inadequately represented by counsel at the trial, the question is whether he was substantially denied his constitutional right to be represented by counsel. The right to representation is one which our courts will maintain 'absolutely and to the full extent' (*People* v. *Avilez*, 86 Cal.App.2d 289 [194 P.2d 829]; *In re Major*, 135 Cal.App.2d 405 [287 P.2d 359]). But where an accused is represented by counsel and the basis of his claim is that he received poor advice, indicative of poor judgment on the part of his attorney, and acted thereon to his detriment, those facts, even if substantiated, do not amount to a denial of the right of representation. (*People* v. *Miller*, 114 Cal. 10 [45 P. 986]; *People* v. *Lennox*, 67 Cal. 113 [7 P. 260]; *People* v. *Kirk*, 98 Cal.App.2d 687 [220 P.2d 976]; *People* v. *Gilbert*, 25 Cal.2d 422 [154 P.2d 657]; *People* v. *Ynostroza*, 105 Cal.App.2d 332 [232 P.2d 913]; *People* v. *Morton*, 100 Cal.App.2d 269 [223 P.2d 259].)"

Further, as stated in *People* v. *Wein*, 50 Cal.2d 383, 410 [326 P.2d 457]: "The handling of the defense by counsel of the accused's own choice will not be declared inadequate except in those rare cases where his counsel displays such a lack of diligence and competence as to reduce the trial to a 'farce or a sham.' [Citing cases.]" While the *Wein* case involved counsel of the accused's own choice, and the instant case involves court-appointed counsel, such court-appointed counsel to represent defendant accused of a crime "generally speaking . . . 'becomes the attorney for said defendant for all purposes of the case and to the same extent as if regularly retained and employed by the defendant.'" (*In re Atchley*, 48 Cal.2d 408, 418 [310 P.2d 15].)

Applying the rules of law as hereinabove stated to the instant case, the record does not support appellant's contention that he was denied his constitutional right to counsel. ██ Nor did the court abuse its discretion in denying appellant's motion for a change of plea. When the motion was first presented the trial court, at the request of the appellant's counsel, granted a continuance for one week to enable appellant's counsel to get additional facts in support of the motion. The motion, when made, was presented upon two grounds—first, that the persons to whom the insufficient funds checks were issued had not filed any complaints against the appellant, and that some of them did not know that a criminal proceeding was pending against appellant; and secondly, that in at least one instance, the person to whom the check was passed knew that the appellant did not have any money and that on prior occasions he had always gotten his money through the sheriff's office. When the motion was again before the court following the continuance, appellant's counsel stated to the court that he had talked to three other complaining witnesses and that "it was determined that they were unaware of any criminal proceedings pending in this matter or of any knowledge that any criminal complaint was being made. One of the witnesses has stated that he knew at the time that the checks were issued that the Defendant had no money and that on many prior occasions he always gotten [sic] his money through the Sheriff's office . . . I did not talk to the shoe repairman, I tried to reach him but I was unable to do so."

Upon this record the trial court did not abuse its discretion in denying appellant's motion for change of plea. ██ An application to withdraw a plea of guilty is addressed to the sound discretion of the trial court. (*People* v. *Griggs,* 17 Cal.2d 621, 624 [110 P.2d 1031] ; *People* v. *Griffin,* 100 Cal. App.2d 546 [224 P.2d 47] ; *People* v. *Lamb,* 64 Cal.App.2d 409 [148 P.2d 873].) ██ Appellant does not contend that his plea of guilty was the result of mistake, fraud, duress or the overreaching of his free and clear judgment, and it is conceded that where a defendant has been induced to enter a plea solely on the representations of his own counsel he cannot on that account be permitted to withdraw it. (*People* v. *Butler,* 70 Cal.App.2d 553 [161 P.2d 401].) Appellant relies entirely upon the case of *People* v. *Avilez, supra,* which we have hereinabove distinguished from the instant case.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.